**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andres REYES–JAIMEZ, Defendant–
Appellant.**

**No. 02–41521.
Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

James Lee Turner, Assistant US Attorney, Jeffery Alan Babcock, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Darrell L Bryan, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Andres Reyes–Jaimez (Reyes) appeals the 70–month sentence imposed following his guilty plea to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) and (b).

Reyes argues that the sentence-enhancing provisions contained in 8 U.S.C. § 1326(b) are unconstitutional on their face

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and as applied in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Alternatively, Reyes argues that because his indictment did not specifically allege that he had a prior aggravated felony conviction, he was only convicted of illegal reentry, in violation of 8 U.S.C. § 1326(a). He contends that his sentence, which exceeds that authorized by 8 U.S.C. § 1326(a), is therefore illegal. Reyes' arguments are raised for the first time on appeal.

Reyes concedes that his arguments are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but seeks to preserve the arguments for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

Accordingly, the district court's judgment is AFFIRMED.